**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**UNITED STATES OF AMERICA,**

  **Plaintiff,**

**v.**                **Criminal Action No. 5:11cr29**
                      **(Judge Stamp)**

**SEAN M. PRICE,**

  **Defendant**.

## ORDER OF DISMISSAL

On August 29, 2011, the defendant, Sean Price, pleaded guilty to the single Count of an Indictment which was returned against him on July 12, 2011. On December 21, 2011, a Judgment Order was entered sentencing the defendant to a term of 120 months incarceration to be followed by 10 years of supervised released. On January 3, 2012, the defendant filed a Notice of Appeal. The docket sheet from the Fourth Circuit indicates that oral arguments were heard on February 1, 2013. Therefore, the defendant's appeal is still pending.

On November 26, 2012, the defendant prepared a Motion for a New Trial Based on Ineffective Assistance of Counsel which was docketed with this Court on November 30, 2012. The Court has construed the same as Motion to Vacate pursuant to 28 U.S.C. § 2255.

As a general rule, "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). This jurisdictional transfer principle prevents a district court from taking any action that would impermissibly "alter the status of the case as it rests before the Court

of Appeals." Dayton Indep. School Dist. v. United States Mineral Prods. Co., 906 F.2d 1059, 1063 (5th Cir. 1990). Therefore, when an appeal is pending, the district court retains jurisdiction only to determine matters that are "uniquely separable" and collateral to the issues involved in the appeal. See Mary Ann Pensiero, Inc. v. Lingle, 847 F.2d 90, 98 (3d Cir. 1988). "This judge-made rule . . . was designed to address the confusion and inefficiency that would result if both the district court and the court of appeals were adjudicating the same issues simultaneously." United States v. Swint, 2007 WL 675340 (E.D.Pa. Feb. 27, 2007) (internal citations and quotations omitted).

Here, the issues raised by the defendant in his § 2255 motion are not "uniquely separable" and collateral from a decision on the merits of his appeal. Rather, a decision favorable to the defendant in these proceedings would clearly alter the status of the case as it rests before the Court of Appeals. Thus, the defendant's § 2255 motion must be dismissed as premature. Walker v. Connor, 2003 WL 21660483 (4th Cir. 2003) (unpublished).

Accordingly, for the reasons stated herein, it is **ORDERED** that the defendant's Motion (Doc. 49) be **DISMISSED WITHOUT PREJUDICE.**

IT IS SO ORDERED.

The Clerk is directed to mail a copy of this order to the defendant by certified mail, return receipt requested, addressed to him at FCI Williamsburg.

ENTER: March 8, 2013

> */s/ Frederick P. Stamp, Jr.*
> FREDERICK P. STAMP
> UNITED STATES DISTRICT JUDGE